hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BARRON R. BOWLING,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 04-2320-JAR<br>)<br>) |
| **THE UNITED STATES OF AMERICA,** | )<br>) |
| Defendant. | )<br>) |

## ORDER MEMORIALIZING
## APRIL 2, 2010 RULING ON LIMINE MOTION

This matter came before the Court on plaintiff's Motion to Exclude Testimony of Scott Rask (Doc. 383), filed April 1, 2010. The Court heard oral argument on plaintiff's motion on April 2, 2010, after the close of plaintiff's case. After considering the parties' written and oral arguments, and noting the substantial amount of evidence presented throughout the four weeks of trial thus far, the Court made oral findings of fact and conclusions of law from the bench. For purposes of clarification, the Court provides the following additional explanation for its ruling.

The government presented three arguments in support of Assistant United States Attorney Scott Rask's testimony: (1) plaintiff attacked the credibility of DEA Special Agents Timothy McCue and Brendan Fitzpatrick, and DEA Task Force Officer Brandon Collins ("Agents"), and pursuant to Fed. R. Evid. 608(a), Rask will provide reputation testimony about the Agents' character for truthfulness among federal prosecutors who have worked with them; (2) Rask will provide reputation testimony regarding Detective Max Seifert's character for untruthfulness under Rule 608(a), based on allegations that he was "Giglio-ed" among federal

prosecutors in Kansas City, Kansas, primarily due to a district court decision in *United States v. Elam*[1] discussing Seifert's testimony; and (3) Rask will testify as to whether there was probable cause to bring additional criminal charges against plaintiff, which were not charged, to rebut plaintiff's claim of civil conspiracy to maliciously prosecute.

The Court orally granted plaintiff's motion in limine to exclude the testimony of Scott Rask. The Court's ruling is based on Rules 608 and 403.[2] To the extent Rask was being asked to testify to specific instances of conduct by Seifert, specifically Seifert's involvement in the *Elam* case, Rask's testimony is inadmissible under Rule 608(b).[3] To the extent Rask was being asked to offer opinion evidence concerning Seifert's reputation for truthfulness in the "community" of federal prosecutors in Kansas City, Kansas, there was no showing that the federal prosecutors all had personal knowledge of Seifert's character for truthfulness or untruthfulness.[4] Rask was the one Assistant United States Attorney involved in *Elam*, and the

---

[1] Case No. 98-20037-01-KHV (D. Kan. Sept. 15, 1998).

[2] *See United States v. Bedonie*, 913 F.2d 782, 802 (10th Cir. 1990) ("The admission of [evidence through Rule 608(a)] is left to the sound discretion of the district court, which must also determine whether the evidence passes the Rule 403 balancing test."); *see also United States v. Turning Bear*, 357 F.3d 730, 734–35 (8th Cir. 2004) (noting that evidence that "may" be admissible under Rule 608(a) may be excluded within the discretion of the trial court if it is needlessly cumulative under Rule 403, substantially outweighing its probative value); *United States v. Davis*, 639 F.2d 239, 244 (5th Cir. 1981) ("The Federal Rules of Evidence allow the credibility of a nonparty witness to be impeached by reputation and opinion evidence of his character for untruthfulness. Fed. R. Evid. 608(a). However, such evidence may be excluded if its probative value is substantially outweighed by its needlessly cumulative nature. Fed. R. Evid. 403. Whether such evidence is needlessly cumulative to the extent that its probative value is outweighed is a determination which lies within the sound discretion of the trial court and that discretion is generally viewed as very broad.") (internal citation omitted).

[3] Fed. R. Evid. 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. . . .").

[4] *See Bedonie*, 913 F.2d at 802 ("In order to establish an appropriate foundation, a witness testifying under Rule 608(a) must show such acquaintance with the [person under attack], the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded.") (Internal quotation marks and citation omitted).

United States did not proffer to the Court that all of the prosecutors in the "community" in which Seifert belonged had opinions about Seifert's character based on personal knowledge.[5]

Furthermore, to the extent Rask's opinion was based on the *Elam* case, the Court precluded the evidence under Rule 403. The *Elam* decision has already been testified to by other witnesses and the *Elam* decision has been admitted into evidence.[6] Rask's testimony has little probative value, which does not outweigh its prejudicial effect. The *Elam* case took place in 1998, well before the events forming the foundation of this civil lawsuit (July 10, 2003 and thereafter) or Seifert's testimony in this case. Rask's testimony also fails under Rule 403 as lacking in any great probative value because it is needlessly cumulative. Seifert was vigorously cross-examined on his character and credibility at the time he testified, and other witnesses including Robert Lane, Dennis Ware, and Steven Culp extensively testified about Seifert's reputation.

Additionally, multiple witnesses have testified as to the DEA Agents' character for truthfulness, including Christopher Stankaitis, Shawn Johnson, and Renee Henry. The Court finds additional testimony would be cumulative and a waste of time, substantially outweighing the minimal probative value, if any, it might have on the issue of the Agents' reputation for truthfulness.

Finally, Rask's testimony about other criminal charges that might have been brought against plaintiff has little probative value to the civil claims in this case. Plaintiff's claim for civil conspiracy to maliciously prosecute is focused solely on the criminal charges that were

---

[5] *See* Fed. R. Evid. 701.

[6] (Exhibit 674.)

actually brought against plaintiff, specifically the charge of criminal damage to property.  Any testimony about charges that were not brought would be collateral to the claims in this case.  The Court finds the probative value of such testimony is substantially outweighed by its danger of unfair prejudice and confusion of the issues in this case.

For the reasons set forth in the record, and as supplemented herein,

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Exclude Testimony of Scott Rask (Doc. 383) is granted.

**IT IS SO ORDERED.**

Dated: April 8, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE